IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JENNIFER CHILDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| | ) |
| **COSTCO WHOLESALE** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW Jennifer Childers, Plaintiff in the above-styled action, and files her Complaint against Costco Wholesale Corporation (hereinafter "COSTCO"), Defendant in the above-styled action, and, in support thereof, shows as follows:

### INTRODUCTION

1.      During her employment with COSTCO, Plaintiff was subjected to severe sex discrimination.  Plaintiff was told she had "no common sense" because she is a woman.  She was given less hours than her male coworkers and otherwise treated unfairly as compared to her male co-workers and ultimately constructively terminated from her job due her sex, female on or around July 18, 2022.

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by

1

the Civil Rights Act of 1991 which provides for relief against discrimination and employment on the basis of sex (henceforth "Title VII").

3. The Defendant, COSTCO, conducts business in this district and division. Moreover, a portion of the unlawful employment practices alleged in this complaint occurred within this district and division. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e—5(f)(3).

## CONDITIONS PRECEDENT

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination on the basis of her sex in violation of Title VII. A copy of the Charge of Discrimination is attached hereto as "Exhibit A."

5. Plaintiff received a Dismissal and Notice of Rights from the E.E.O.C., and this action was instituted within ninety (90) days of receipt thereof. A copy of the Right to Sue is attached hereto as "Exhibit B."

## PARTIES

6. Plaintiff, Jennifer Childers is a female citizen of the United States and resident of this district and division. She is a former employee of Defendant.

7. COSTCO is an entity subject to suit under 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981a. At all times relevant to this action, upon information and belief, COSTCO has employed more than fifty (50) employees.

Upon information and belief, COSTCO was notified that the Plaintiff filed the Charge of Discrimination.

## FACTS

8. Plaintiff who is female started working for COSTCO in 2012. She worked several jobs during her ten years for the company.

9. Plaintiff was treated differently from others due to her sex female, and when she complained about policy procedures not being followed correctly, she was told she was "dramatic" and "hormonal."

10. Defendant prevented Plaintiff from acquiring overtime hours and enforced time clock policies that was not enforced for her male co-workers.

11. Male employees in Plaintiff's position, or in a similar position, all received overtime and/or flexible work hours.

12. Male co-workers who received more hours include, but not limited to, Ethan Powers, Antoine Parnell, Terry Southerland, Ras Tafari, Mark Goodman, Brandon Johnson, Anthony Corradini, Brain Osterhout, Nathaniel Voyles, Justin Wynn, Mark Dunkin, and Stephen Bynum.

13. Plaintiff repeatedly requested that Defendant give her the same hours and privileges as her male co-workers.

14. On or around August 10, 2021, Plaintiff told Adam Countess, her Merchandise Manager, and David Kraff, the previous General Manager, that she felt

she was not provided the same hours, compared to her male co-workers because she is female.

15. After Plaintiff complained to David Kraff, he informed her that she was to clock in and out at her designated times. However, Plaintiff's male co-workers were not required to do the same.

16. Assistant Merchant Manager, Gil Polo, continued this policy after Mr. Kraff's departure until the new General Manager, Ryan (LNU), changed the hours of all morning shift employees on October 18, 2021. After this date, the procedure for employee clock-ins changed so that the floor employees were unable to witness when or if their coworkers clocked in or out.

17. Plaintiff filed this Charge of Discrimination on November 29, 2021. That Charge referenced retaliation as pled herein for complaining about sex discrimination. After her managers and co-employees learned she had filed a Charge of Discrimination, the retaliation continued and increased in severity.

18. Plaintiff's husband was offered a job in Tennessee and Plaintiff requested that she be allowed to transfer to a COSTCO location near where she and her husband were moving. Plaintiff was told she should "not bother" to try to relocate. Plaintiff has now moved to a Tennessee but had to take a much lower paying job after she was constructively discharged by Defendant.[1]

---

[1] Plaintiff, in an abundance of caution, will be filing an additional Charge of Discrimination regarding the retaliation

19. Plaintiff alleges that, at all times relevant hereto, the actions of management were intentional and/or done in reckless disregard for her right to a work environment that is free of sex discrimination.

## CAUSES OF ACTION

### Count I
### Sexual Discrimination Under Title VII

20. Plaintiff realleges and incorporates by reference, paragraphs 1 through 19, as if fully stated herein.

21. Plaintiff has been discriminated against by the Defendant, COSTCO, because of her gender and subjected to both a subjectively and objectively hostile work environment due to her female gender.

22. Plaintiff was constructively terminated due to her gender, female.

23. The above-discussed sexual discrimination of Defendant violated Title VII.

### Count II
### Retaliation under Title VII

24. Plaintiff realleges and incorporates by reference, paragraphs 1 through 19, as if fully stated herein.

25. Defendant, COSTCO, retaliated against Plaintiff by applying a disproportionately standard to Plaintiff. This was done in response to Plaintiff

---

against her for filing the initial Charge and her constructive termination.

complaining about sexual discrimination and for opposing employment practices that the Plaintiff believes to be unlawful, in violation of Title VII.

26. Defendant, COSTCO, ratified and condoned the retaliatory hostile work environment created by the males about whom Plaintiff had complained of sexual discrimination.

27. Defendant, COSTCO, subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of her employment for complaining of gender-based sexual discrimination by denying her the ability to work overtime, and circumventing her request to move to a new location. The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

28. As a proximate result of the Defendant, COSTCO's, wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

## PRAYER FOR RELIEF UNDER TITLE VII

The Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

The Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant, COSTCO's, violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, the Plaintiff prays that this Court:

a. Declare the conduct engaged in by the Defendant, COSTCO, to be in violation of the Plaintiff's rights;

b. Enjoin the Defendant, COSTCO, from engaging in such conduct in the future;

c. Award the Plaintiff compensatory and punitive damages, including back pay, in an amount to be determined by this Court;

d. Award the Plaintiff costs and attorneys' fees; and

e. Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 23rd day of September, 2022.

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:	(256) 532-2222
Fax:	(256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**:

**Costco Wholesale Corporation**
**C T Corporation System**
**2 North Jackson St., Suite 605**
**Montgomery, Al 36104**